UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ, | No. 2:15-cv-2218 JAM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PERRY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondent's motion to dismiss. ECF No. 10.

I.     Petitioner's Allegations

Petitioner presents seven grounds for relief from twenty-one rules violations for refusing to submit to random urinalysis testing. ECF No. 1 at 7-37. In Grounds One, Two, and Three, petitioner alleges that the required random urinalysis testing, and punishment for refusing that testing, violates his Fourth Amendment rights. Id. at 12-22. In Ground Four, petitioner states that his due process rights have been violated because random urinalysis testing requires him to prove that he is not using drugs or alcohol when it is the prison's burden to prove he has committed an offense. Id. at 23-25. In Ground Five petitioner argues that random testing constitutes an ex-post facto law and violates due process and the right to a fair warning because

1

he has been punished in excess of the regulations. Id. at 25-30. Ground Six claims that petitioner's multiple disciplinary findings violate the prohibition against double jeopardy because he has been punished multiple times for the same offense. Id. at 30-32. Finally, in Ground Seven, petitioner alleges that random testing is unconstitutional because its purpose is to punish prisoners who suffer from the disease of addiction in violation of the Eighth and Fourteenth Amendments. Id. at 33-37. Petitioner seeks to have the twenty-one rules violations expunged, reinstatement of 630 days of credits, and removal of eighty classification points. Id. at 37-38.

II. Motion to Dismiss

A. Respondent's Motion to Dismiss

Respondent argues that petitioner fails to state a prima facie claim for habeas relief because he does not allege that the prison disciplinary violations at issue necessarily affect the duration of his confinement. ECF No. 10 at 2. Respondent further argues that petitioner's opposition to the motion to dismiss fails to establish that his claims fall within the parameters of federal habeas jurisdiction and the petition must therefore be dismissed. ECF No. 12. In the alternative, respondent argues that petitioner has failed to demonstrate that the state court's decisions were contrary to or an unreasonable application of clearly established federal law. ECF No. 10 at 3-4.

B. Petitioner's Opposition

In his opposition to respondent's motion to dismiss, petitioner argues that federal habeas jurisdiction is proper because he is seeking expungement of rules violation reports; restoration of forfeited good time credits; and cancellation of classification points, which led to his transfer to a maximum-level security institution. ECF No. 11 at 4-5. Petitioner claims that if the rule violations are expunged and his credits are restored, his release from prison will be advanced. Id. at 6-8. Additionally, petitioner argues that the habeas corpus statute authorizes federal courts to order relief to reduce an inmate's level of custody. Id. at 5. Alternatively, petitioner requests that the court treat this action as a claim for relief under 42 U.S.C. § 1983 if the court determines it is not cognizable in habeas. Id. at 9.

////

C. Legal Standard for Habeas Jurisdiction

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The courts have interpreted this statute to provide relief only where a successful challenge will shorten an inmate's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Notably, the Ninth Circuit has held that federal courts lack habeas jurisdiction over claims for constitutional violations that do not challenge the validity of the conviction or do not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011). Instead, such claims must be brought, if at all, in a § 1983 civil rights complaint. Id. With respect to disciplinary proceedings, habeas relief cannot be granted unless those proceedings necessarily affect the duration of time to be served. Muhammed v. Close, 540 U.S. 749, 754-55 (2004). Most recently, the Ninth Circuit has articulated that habeas relief is only available if success on the merits of a petitioner's challenged disciplinary proceeding would *necessarily* impact the fact or duration of his confinement. Nettles v. Grounds, 830 F.3d. 922, 934-35 (9th Cir. 2016) (en banc).

However, the courts have also concluded that habeas relief may be available "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). For example, the Seventh Circuit has held that if a prisoner is seeking a "quantum change in the level of custody" then habeas corpus is the appropriate remedy. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). Similarly, the Ninth Circuit has permitted prisoners to request habeas corpus relief where the prisoner was placed in disciplinary segregation due to validation as a gang member and would obtain immediate release from segregation if he successfully challenged his validation. Nettles v. Grounds ("Santos"), 788 F.3d 992, 1004-05 (9th Cir. 2015) (finding the holding in Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), was not "clearly irreconcilable" with the Supreme Court's case law on speedier

////

////

release), reheard en banc, Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016)).[1]

III. Discussion

A. Necessarily Speedier Release

In this case, petitioner is seeking expungement of the rules violations and restoration of the good time credits that were forfeited as a result of the violations. ECF No. 1 at 10, 37-38. Respondent argues that petitioner has not stated a prima facie claim for relief because he does not allege that the duration of his confinement was necessarily affected. ECF No 10 at 2-3. This argument would, at most, warrant dismissal with leave to amend the petition. However, in a footnote, respondent further claims that petitioner is indeterminately sentenced and does not earn time credits. Id. at 3 n.1. Respondent provides a legal status summary to support this claim and petitioner confirms the fact that he is serving a life sentence with the possibility of parole, but he denies that he does not earn time credits.[2] Id. at 6; ECF No. 11 at 5, 7.

In light of petitioner's indeterminate sentence, even if the court were to assume that petitioner has good time credits to restore as he claims, he would not be guaranteed a speedier release from prison. There is no evidence that petitioner has already been found suitable for parole and in his opposition, petitioner indicates that he has not been found suitable for parole and argues the rules violations prevent a favorable suitability finding. Id. at 7-8. In Nettles, the Ninth Circuit noted that rule violations are merely one factor a parole board must consider when determining whether a prisoner is a current threat to public safety and is therefore suitable for parole. 830 F.3d at 935. However, rules violations are not determinative and therefore cannot be said to necessarily spell earlier release from prison. Id. at 935.

Like Nettles, petitioner contends that he will be released earlier if his rules violations are

---

[1] The 2015 Ninth Circuit panel decision consolidated the cases of two petitioners: Damous Nettles and Matta Santos, both prisoners in California state prisons. The court's discussion and opinion regarding quantum change was limited to Santos' case. The rehearing en banc only involved the panel's holding regarding Damous Nettles. The panel's opinion regarding Santos' claim about quantum change in custody was not re-heard.

[2] It is unclear why respondent has not provided a properly authenticated copy of the legal status summary. ECF No. 10 at 6-20. However, since petitioner confirms that he is serving a life sentence with the possibility of parole, any evidentiary issues related to that fact are moot.

expunged and his good time credits are restored. However, there is no guarantee that petitioner will be released from prison any faster if his relief is granted. Instead, "the parole board has the authority to deny parole 'on the basis of any grounds presently available to it,' [and therefore,] the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. (quoting Ramirez, 334 F.3d at 859). Since restoration of petitioner's credits would not necessarily result in his speedier release from prison, these claims are not cognizable in habeas and should be dismissed.

B. Quantum Change in Custody

Petitioner is also seeking the cancellation of classification points which he argues will result in a reduction in his level of custody from a Level IV institution to a Level II institution and therefore entitle him to habeas relief. ECF No. 1 at 14, 32; ECF No. 11 at 5-6. Although a change in custody may under some circumstances provide a jurisdictional basis for federal habeas relief, not every change in custody level is sufficient. Habeas corpus can be used to challenge a change in custody only if the disputed custody status is so much more restrictive that it "can fairly be said to have brought about . . . 'a quantum change in the level of custody.'" Pischke v. Litscher, 178 F.3d 497, 499 (7th Cir. 1999) (quoting Graham, 922 F.3d at 381). However,

> if [the prisoner] is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

Graham, 922 F.2d at 381. Based on these standards, challenges to unlawful administrative or disciplinary segregation are cognizable as habeas actions. Santos, 788 F.3d at 1005; Stockton v. Ducart, No. C 13-3978 RMW (PR), 2015 WL 971615, at *2, 2015 U.S. Dist. LEXIS 26603, at *4-5 (N.D. Cal. Mar. 3, 2015) (collecting cases) (holding that a transfer from segregation to the general population constitutes a quantum change in custody and therefore petitioner's claims may be brought in a section 2254 petition). In contrast, habeas corpus relief is not proper when a prisoner is denied work release. Graham, 922 F.2d at 381 (concluding that work release constitutes a change in location of confinement, not a quantum change in custody). If a transfer

from prison to work release, which involves reduced confinement, is insufficient to constitute a quantum change in custody, then certainly a transfer between prisons is also insufficient.

In San Nicolas v. McDowell, where the petitioner sought relief similar to petitioner in this case, the District Court for the Central District of California determined that habeas relief is not available for a claim regarding transfer to a higher security prison and elevation of an inmate's security level.[3] No. SA CV 15-1099-JVS (AS), 2015 WL 7731397, at *3, 2015 U.S. Dist. LEXIS 160426, at *6-8 (C.D. Cal. Oct. 27, 2015, adopted in full Nov. 30, 2015[4]). The court found that the prisoner's elevated custody level did not constitute a quantum change in custody as outlined in Santos, even though the heightened custody was more restrictive. Id. (Santos articulated a quantum change in custody as "release from 'disciplinary segregation to the general population, or a release from prison on bond, parole, or probation'"). Instead, the court held that it was merely a change in the location or environment of confinement and therefore not cognizable in federal habeas. Id. The undersigned finds this conclusion to be in line with the currently prevailing case law, which indicates that a quantum change in custody in relation to constraints while in prison is a release from administrative or disciplinary segregation to the general population. Bostic, 884 F.2d at 1269 ("Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation."), overruled in part on other grounds by Nettles, 830 F.3d at 931; Skinner v. Switzer, 562 U.S. 521, 534 (2011) (suggesting habeas relief available for reduction in level of custody (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2009) (Scalia, J., concurring))); Dotson, 544 U.S. at 86 (Scalia, J., concurring) (suggesting that "permissible habeas relief" could include a "quantum change in the level of custody" (quoting Graham, 922 F.2d at 381)); Graham, 922 F.2d at 381 (release from disciplinary segregation constitutes a "quantum change in the level of custody," but work release does not).

---

[3] The court also held that restoration of good time credit could not be said to necessarily result in a speedier release from prison, holding that it was too attenuated. San Nicolas, 2015 WL 7731397, at *2, 2015 U.S. Dist. LEXIS 160426, at *4-6.

[4] 2015 WL 7722386, 2015 U.S. Dist. LEXIS 160424.

6

Accordingly, although petitioner is seeking to reduce his level of custody, the change he seeks does not constitute a "quantum change" in custody. Therefore, this claim is not cognizable in habeas and should be dismissed.

### C. Conversion to Civil Rights Complaint

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. A district court may recharacterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). However, a prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings. Id. (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action. Due to these differences and the disadvantages that recharacterization may have on petitioner's claims, this court will not recharacterize the petition as a civil rights complaint. However, petitioner is free to file a new complaint pursuant to § 1983 if he wishes to do so.[5]

## IV. Conclusion

Since petitioner's claims for relief, if successful, would neither necessarily spell speedier release nor constitute a quantum change in custody, this court lacks jurisdiction under the habeas corpus statute to grant petitioner the requested relief. Therefore, respondent's motion to dismiss should be granted.

## V. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

---

[5] While the court takes no position on whether petitioner may ultimately be able to state a claim for relief under § 1983, based on a review of petitioner's grounds for relief as currently pled, it appears that he may not be able to state a claim and may end up with a strike if he files his claims as a § 1983 complaint. See 28 U.S.C. § 1915(g) (the "three strikes" rule of the Prison Litigation Reform Act).

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

VI. Summary

Your petition should be dismissed because even if the disciplinary violations were expunged, that would not necessarily result in you being released from prison sooner – the parole board could still find you unsuitable for parole. A change in custody from Level IV to Level II is also not enough to support a habeas claim, because it is not the same as being released from administrative or disciplinary segregation into the general population. Because of all the differences between a habeas petition and a claim under § 1983, the court will not convert your claims into a request for relief under § 1983. You are free to file a separate complaint under § 1983, but the court does not guarantee that you will be successful.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted and petitioner's application for writ of habeas corpus be dismissed for lack of jurisdiction.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////
////
////
////
////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE